**WILBURN, Co.Atty., et al. v. GALLOWAY et al.**

**No. 4148.**

Court of Civil Appeals of Texas. Beaumont.
Jan. 6, 1944.

E. J. McLeroy, of Center, for appellants.

T. O. Davis, of Center, for appellees.

COE, Justice.

This is an appeal from judgment of district court of Shelby County, Texas, involving the contest of an election held for the purpose of determining whether Boles Consolidated Common School District No. 78 should be consolidated with Shelbyville Independent School District No. 41, both in Shelby County, Texas, said judgment declaring the election held in Boles Consolidated Common School District No. 78 void and ordered another election to be held in each of the districts. From that judgment the contestees duly excepted and gave notice of appeal, and the matter is now before this court.

Pursuant to orders of the Commissioners' Court of Shelby County, Texas, an election was held on October 21, 1942, in both the Shelbyville Independent School District No. 41 and the Boles Consolidated Common School District No. 78, to determine whether the two districts should be consolidated as Shelbyville Independent School District No. 41. Thereafter, on November 9, 1942, the Commissioners' Court of said county canvassed the returns of said election and found and declared that the majority of the votes in each of said districts had been cast in favor of consolidating said districts. Thereafter, J. W. Calloway et al., after serving Emmett Wilburn, County Attorney, with notice and a

written statement of the grounds on which they relied to sustain such contest, filed in the district court their petition, among other things alleging that 71 qualified voters participated and voted in the election held in Boles Consolidated Common School District No. 78, and named 43 of said voters, who they alleged voted against the consolidation of the two school districts, which, if true, would show that a majority of 15 of all the legal votes cast was against the consolidation of the two districts. They further alleged: "Through mistake, accident or fraud on the part of the persons who called said votes the votes so cast in said election were not properly called, counted and entered and that by reason of such fraud, accident or mistake the true result of said election was not shown by said returns and was not thereafter declared." They further alleged: "that an inspection of the ballots cast by the voters hereinabove named would show that the voters hereinabove named voted against the proposition to consolidate said two school districts and that, if the ballots, if any, accompanying the returns of said election shall show otherwise, then that the ballots they cast have been changed or have been destroyed and other ballots substituted in lieu thereof."

Contestees specially excepted to contestants' petition because it failed to allege or point out any specific act of fraud, accident or mistake, or to allege any facts comprising fraud, accident or mistake, and because being a disjunctive allegation did not allege whether the irregularity complained of was the result of fraud, or was the result of accident, or was the result of mistake. The court overruled this exception and its action in so doing is the basis for one of the main complaints made by the appellants herein.

There were other exceptions, some of which were overruled and others sustained, but we do not feel that it is necessary to set them out in detail. The court then permitted the contestants to produce at least more than 31 witnesses and, over the objection of the contestees, permitted each of said witnesses to testify that they had cast their ballot against the consolidation in the election held for that purpose, and thereafter permitted the contestants, over the objection of contestees, to produce the ballot boxes containing the returns of said election, open the same and count the ballots contained therein, and permitted contestants, over the objection of contestees, to exhibit the ballots to the voters who participated in said election and allowed said voters to testify, in many instances, that the ballots as shown by the returns to have been cast by them were not in truth and in fact the ballots actually cast by the voter.

While appellants set out nine separate points upon which this appeal is predicated, only five have been briefed.

■ Appellants' first point complained of the action of the court in overruling contestees' exceptions to contestants' petition, heretofore referred to. It will be noted in the beginning that the ordinary rules of civil actions do not apply to election contests nor to the written grounds of the contest. Kennison v. Du Plaintis, Tex.Civ. App., 220 S.W. 118. However, if the ordinary rules of pleading should apply, we still could not agree with the appellants in their contention for the reason that seldom, if ever, where there was no question but that the ballots had been miscounted, would the contestant be able to say whether such miscount was the result of accident, or of mistake, or of fraud. Such matters are so obviously beyond the knowledge of the innocent voters that for the courts to require them, before being granted relief, to determine and specifically allege the exact cause of their votes not being properly counted and returned would be tantamount to denying to the electorate all protection from dishonest, incompetent or careless election officials. Therefore, we feel that the trial court was correct in its action in overruling said special exceptions.

The remaining points upon which appellants rely are so closely related, each and all of them complaining of the action of the court in permitting contestants to open the ballot boxes in an attempt to recount the votes and in permitting them to call the several voters and allow them under oath to contradict many of the ballots found with the returns of the election, that we feel that we can properly discuss them in two groups.

■ According to the returns from the Boles Consolidated Common School District No. 78, as made by the election officials and canvassed by the Commissioners' Court, there were 42 votes cast in said district in favor of consolidation and 31 votes cast against consolidation. After the court had heard the direct testimony

of more than 31 of the voters who voted in said election, that they had voted against the consolidation, we are of the opinion that the court was fully authorized in permitting contestants to open and examine the returns of said election.

 Appellants further contend that there were no pleadings to support the testimony of the various witnesses contradicting the ballots that were found with the returns of the election. As heretofore stated, contestants alleged in substance that if the ballots accompanying the returns of said election were in keeping with the returns as declared by the election officials and Commissioners' Court, then, and in that event, they alleged that the ballots that they actually cast had been changed or had been destroyed and other ballots substituted in lieu thereof. We feel that this allegation is sufficient to authorize the court in hearing all proper testimony as to whether the ballots had been tampered with since they were voted by the voters. When such allegations are made it seems to be the settled rule in this state that the individual voters may be called in and be permitted to testify for whom or for what proposition they voted for or against. Owens v. State, 64 Tex. 500, 508; Savage v. Umphries, Tex.Civ.App., 118 S.W. 893, 898.

When the ballot boxes were opened by the court and an effort was made to count the ballots contained therein, there was no ballot number corresponding with the number for some eight or ten of the voters, most of whom testified they had voted against consolidation, it was found that there were two ballots with the same number as was given to Lillie Bell White. The witness testified that she voted only one time and that was against consolidation. There were two ballots bearing the number voted by H. E. Biggar, one for and one against. There were three ballots bearing the number assigned to J. L. Lout, two for consolidation and one against. None of the ballots bore the signature of the presiding officer. It is contended that the foregoing evidence was insufficient to authorize the trial court in declaring the election null and void and ordering a second election. The court in this instance was the trier of the facts as well as of law, in as much as the case was tried to the court without a jury. It was his duty and not ours, to pass upon the credibility of the witnesses and the weight to be given their testimony, and since there were no findings of fact requested or filed in this cause, we presume that the trial court found all the facts to support the judgment entered. There was sufficient evidence in this case which, if believed by the court to be true, would have justified the court in finding that, at least, some of the ballots found with the returns of the election were not the ballots actually voted by the voters. We certainly cannot say that under the evidence in this case that the court was unauthorized to reach the conclusion that it was impossible to ascertain the true results of the election as held in the Boles Consolidated Common School District No. 78, as held therein on October 27, 1942, either from the returns of the election or from any of the evidence within reach, or from the returns considered in connection with other evidence.

Therefore, we feel that his judgment holding said election to be void and directing the county judge of Shelby County to order another election to be held in each of said districts, pursuant to petitions therefor filed, finds full support in the evidence introduced in the trial of this cause. It necessarily follows that we are of the opinion that the judgment of the trial court should be in all things affirmed, and it is so ordered.

Affirmed.