## MERIWETHER v. STANFIELD.
### No. 4421.

Court of Civil Appeals of Texas. Beaumont.
Oct. 3, 1946.

Walter C. Linden, Jr., of Orange, for appellant.

K. W. Stephenson, of Orange, and Cecil & Keith, of Beaumont, for appellee.

MURRAY, Justice.

This is an appeal from a judgment of the district court of Orange county in an election contest.

In the runoff primary election held in Orange county August 24, 1946, the appellant, Meriwether, was certified by the County Democratic Committee as the successful candidate for the democratic nomination for sheriff of Orange county over the appellee, Stanfield, by a vote of 3,522 to 3,411. Stanfield, who was then and is now the sheriff of Orange county, filed his petition to contest the election in the district court and after the appellant had answered, filed an amended petition. The amended petition was filed after the statutory time had expired for the appellee to file a contest of the election.

From the record, the appellee Stanfield received 3,246 votes in all of the election boxes except No. 1 and in the same boxes Meriwether received 3,200. After hearing the testimony as to probable fraud in count-

ing of the ballots in box No. 1, the trial judge decided to open ballot box No. 1 and count the ballots. Upon doing so, he found the correct count of ballots therein to be Stanfield 230 instead of 165 as counted and returned, and Meriwether 253 instead of 322 as counted and returned, making a total vote as found by the trial judge: Stanfield 3,476 and Meriwether 3,453. He thereupon entered judgment for Stanfield, the contestant, and appellee here, declaring him to be the lawful nominee of the democratic party of Orange county, Texas, for the office of sheriff of Orange county. From this judgment the appellant has duly perfected his appeal. The cause has been duly advanced for submission on the docket of this court and was submitted on the 2nd day of October, 1946.

 By his first point, the appellant assigns error to the action of the trial court in overruling a number of special exceptions to the appellee's original petition. We consider this of no moment since the case was tried on the appellee's amended petition. He also urges exceptions as applicable to the alleged shortcomings of the appellee's amended petition, or, as the instrument is called in the transcript, "Amended Grounds of the Election Contest." The only portion of the pleadings of any importance on this appeal are the allegations in said amended petition with reference to fraud and illegality in the conduct of the election in precinct No. 1, for the reason that it is seen from the judgment that the trial court based his judgment on his recount of the ballots in said box in voting precinct No. 1. Such allegations of fraud in that election precinct were that the election judge of said voting precinct was violently partisan and active in support of Meriwether, the appellant, during the election campaign; that he had bet a sum of money on the outcome of the election and had made his bet on the success of Meriwether, the appellant; that throughout the election he alone called off the count of the ballots to the clerks and that no other clerk or person saw how any person had cast his ballot and through mistake, accident or fraud on the part of the election judge the votes

cast in precinct No. 1 were not properly called, counted or entered, and that the true result of the election in such precinct No. 1 was not shown by the returns. The appellant maintains that such allegations are too vague and broad and indefinite to give notice to him of what facts would be produced against him on the trial and that to permit a hearing and trial upon such allegations would allow the appellee, the contestant below, to "go on a fishing expedition" in presenting his testimony. Under the authority of Wilburn v. Galloway, Tex.Civ.App., 179 S.W.2d 540, by this court, such allegations were sufficient in a contest of this nature. See also Article 3130 and Article 3148, Ver.Ann.Civ.Stats., as amended in 1941. In applying the reasoning in the opinion in Wilburn v. Galloway, supra, to the instant case, we hold that it was impossible for the contestant to allege what individual voters' ballots had been miscalled in time to have made a definite pleading thereof in his petition. Such matters are obviously beyond the knowledge of anyone except the election judge himself. We believe that for the courts to require the contestant in an election contest, before being heard on his petition, to allege specifically the ballots which had been miscalled to his own disadvantage would amount to denying to a contestant and to the voters themselves protection from dishonest election judges. No error is shown in the action of the trial court in overruling such special exceptions.

 In his second point, the appellant says the trial court erred in permitting the appellee, the contestant, to file an amended petition after the expiration of the statutory period for the filing of his original petition of contest. Article 3130, Ver. Ann.Civ.Stats., as amended by the Acts of the 47th Legislature in 1941, provides that in such an election contest as this, "either party, or both, shall have the right to amend before announcing ready for trial and set up additional causes of action or matters of defense, as the case may be. Any further changes in the pleadings shall be within the sound discretion of the court. In the trial of such cause, the trial judge shall have wide discretion as to matters of

pleading, procedure and admissibility of evidence, the purpose of this article being to subserve the ends of justice, rather than strict compliance with technical rules of pleading, procedure, and evidence." The right of the appellee to amend seems to have been extended by this statute to a degree which permits him to do the very things of which the appellant complains, and this point is overruled.

■ The appellant's third point is that the court erred in overruling his motion for judgment and in opening ballot box No. 1 and recounting the ballots therein. He says that the appellee failed to present to the trial judge sufficient proof of the existence of fraud in the counting of ballots by the election judge to warrant the trial judge's decision to open the ballot box. He cites and quotes from an imposing array of decisions in which the appellate courts of this state have held many times that a questioned ballot box in a proceeding such as this can not be opened by the trial judge except upon proper allegations and preliminary proof of specific acts of fraud or mistake in the particular voting precinct and ballot box under attack. The Legislature in 1941, however, in an apparent effort to cure some of the evils resulting from such a strict rule governing the trial of election contests, by House Bill No. 857 amended and liberalized Articles 3125, 3126, 3128, 3129, 3130, 3131, 3146, 3147, 3148, 3150, 3152, 3153, and expressly repealed Articles 3149 and 3151. We held above in passing on the pleadings that the allegations in appellee's petition were sufficient. The evidence submitted by the appellee in support of such allegations was sufficient to support the trial judge's decision to open ballot box No. 1 and recount the ballots contained therein. The evidence was that the election judge in box No. 1 counted all the ballots and called them to the clerks and that he was the only one who read the ballots and called them off; that he opposed the appellee in the election campaign and made a bet upon the outcome of the election. In an election in which the total number of votes cast for each candidate was so nearly equal, we are unable to say that the trial judge abused his discretion

in holding that the above testimony that a partisan election judge, who had made a bet against the contestant, had done all the counting of the ballots cast in his voting precinct, was sufficient to warrant him in opening the ballot box in that one election precinct to recount the ballots. The statute, Article 3130, supra, gives to the trial judge wide discretion as to matters of pleading, procedure, and admissibility of evidence. Article 3148, supra, provides that in addition to the powers and authority granted by Article 3130, as amended, where fraud or illegality is charged, if such charges of fraud or illegality be supported by some evidence or by affidavit of reputable persons and the ends of justice seem to require it, the court shall have authority to unseal and reopen the ballot box to determine controverted issues and the court may recount, or under his direction cause to be recounted, the ballots cast in any and all precincts of the county to determine the true result of such election. It is our belief from a reading of the above statutes that they have liberalized and have rendered less harsh the laws governing the trial of election contests. To protect the secrecy of the ballot is a high duty of the courts. Such a duty, however, is not in conflict with the equally high and important duty of the courts to protect candidates and voters from fraudulent miscounting of the ballots. The trial judge in the instant case in no way encroached upon the secrecy of the ballot, so far as this record shows, since his examination went no further than an actual tabulation and count of the ballots. The appellant himself makes no contention that the count as made by the trial judge was incorrect. He specially announces in his brief that he makes no defense of the actions of the election judge, whose conduct he says is repugnant to fairness and decency. No error is presented in the action of the trial judge in opening the ballot box of voting precinct No. 1.

■ When it has once been determined that the pleadings and the evidence were sufficient to warrant the action of the trial judge in opening the ballot box, it is clear that the contestant received the greater number of votes in the runoff primary

election on August 24, 1946, and it was not only proper but encumbent upon the trial judge to enter judgment in his favor.

In view of the fact that questions involved in this case would become moot before the expiration of the time ordinarily allowed for filing motions for rehearing, or before questions could be certified to the Supreme Court, it is ordered that no motion for rehearing and no motion to certify questions to the Supreme Court may be filed in this cause.

Affirmed.