**C. L. McIVER, Contestant, Appellant,**

**v.**

**Edison A. STARKEY, Contestee, Appellee.**

**No. 3229.**

Court of Civil Appeals of Texas.

Waco.

Oct. 7, 1954.

MacL. Bennett, Jr., Normangee, for appellant.

B. R. Reeves, Palestine, Joe J. Newman, Wiley B. Thomas, Jr., Groveton, for appellee.

HALE, Justice.

This is an appeal from a judgment of the District Court of Leon County disposing of a primary election contest which was brought under the provisions of Art. 13.30 of Vernon's Tex.Civ.Stats. Election Code. The names of appellant and appellee appeared on the official ballot in the second primary election, which was held on August 28, 1954, as candidates for nomination as the Democratic nominee for the office of County Judge of Leon County. In due time, the Democratic Executive Committee of Leon County canvassed the returns of the primary election and duly certified the name of appellee as the party candidate, he having received 1908 votes and appellant having received 1834 votes in the primary election so held. Appellant brought this suit at the time and in the manner required by law, alleging as grounds for the relief sought by him fraud and certain mistakes and irregularities in the holding of the election in Precinct No. 8, known as the Jewett box, and Precinct No. 18, known as the Concord box.

After the issues had been properly joined by the pleadings of the respective parties, the case was heard before the court below without a jury and, upon the conclusion of the evidence, the court rendered judgment denying the contest of appellant and certifying appellee as the Democratic nominee for the office of County Judge of Leon County, to which appellant duly excepted, gave notice of appeal to this Court and filed the record here on October 2, 1954, in the manner and within the time required by law.

Several times during the proceedings at the hearing, appellant moved the court to open the ballot box containing the ballots cast in Precinct No. 8 and to recount the same; but the court overruled such motion each time it was presented. Appellant predicates his appeal upon the following point of error, viz.: "The court erred in refusing to open a ballot box containing the ballots cast in voting Precinct No. 8 and recounting the same, as provided in Sec. 10 of Art. 13.30 of the Election Code of Texas, in that the pleadings of the appellant of fraud, illegality, mistake and errors were plead and were supported by some evidence and the affidavits of reputable persons." On the other hand, appellee says the case is now moot and the only proper judgment to be entered herein is an order dismissing the appeal, and he has filed a motion to that effect. Subject to such motion, which we have decided to overrule, appellee says the trial court did not err in refusing to open the ballot box in Precinct No. 8 because appellant's charge of fraud was not supported by any competent evidence of probative force.

Although Sec. (10) of Art. 13.30, Vernon's Tex.Civ.Stats., authorizes district courts to unseal and reopen ballot boxes in primary election contests in cases where fraud or illegality is charged, "if such charges of fraud or illegality be supported by some evidence, or by affidavit of reputable persons," and the ends of justice seem to require it, we do not think the statute necessarily requires the district courts to unseal and reopen ballot boxes

solely upon the conditions which we have placed within quotation marks. On the contrary, it is our opinion that the trial judge is vested with wide discretion in determining all matters and things necessary or proper to the determination of such election contest, including the question as to whether the ends of justice seem to require the re-opening of a ballot box in any given case, and upon appeal from his determination of the contest the trial court's decision will not be disturbed on any question decided unless a material abuse of discretion on his part is clearly shown by the record.

■ For the purposes of this appeal, it may be conceded that appellant's pleadings constituted a sufficient charge of fraud and irregularity in the counting of ballots in Precincts Nos. 8 and 18 to entitle him to the relief sought. It may be that such charges were supported by some slight circumstantial evidence of fraud in the counting of the ballots in Precinct No. 8, but we do not think so. However that may be, after due consideration of all the evidence introduced upon the hearing, including the affidavits attached to appellant's petition, we have definitely concluded that such evidence and affidavits are wholly lacking in probative force to form the basis for a legal inference of any fraud in counting the ballots cast in either Precinct No. 8 or Precinct No. 18. Certainly, we cannot say from the evidence that any fraud was shown as a matter of law, or that the ends of justice required the trial judge to open the ballot box containing the ballots cast in voting Precinct No. 8.

In his brief, appellant cites the cases of Wilburn v. Galloway, Tex.Civ.App., 179 S.W.2d 540; Meriwether v. Stanfield, Tex.Civ.App., 196 S.W.2d 704, and Sewell v. Chambers, Tex.Civ.App., 209 S.W.2d 363, in support of his contentions upon this appeal. But we do not consider the holding in any of these cases, when applied to the evidence in the record before us, to authorize or require a reversal of the judgment now under consideration. The opinion in each of these cases clearly recognizes that the trial court is vested with wide discretion in passing upon election contests, and that it is the duty of the courts, in the absence of any fraud, to protect the secrecy of the ballot in the interest of a sound public policy.

Since we cannot hold from the record before us that the trial court abused the discretion vested in him by refusing appellant's motion to unseal and re-open the ballot box in Precinct No. 8, appellant's point of error is overruled and the judgment of the court below is in all things affirmed.

■ Because it is necessary for the official ballot in the forthcoming general election to be printed and made available to absentee voters on the morning of October 13, 1954, the above order of this court affirming the judgment of the trial court will become final when entered, and no motion for rehearing in the cause will be permitted.