In such ruling, the trial court was clearly in error.

In Johnson v. State, 138 Tex.Cr.R. 188, 135 S.W.2d 485, 487, we said:

"The proposition that a defendant in the trial of a criminal case may show his good general reputation in the community in which he lives is not one open for discussion. It is a matter properly to be considered by a jury, either in determining the guilt of the defendant or in fixing the penalty appropriate to his case. We are unable to see merit in the State's objection. The exclusion of the evidence by the trial court was error requiring a reversal of the case."

See also Dixon v. State, Tex.Cr.App., 279 S.W.2d 868, and Jordan v. State, Tex.Cr. App., 290 S.W.2d 666.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

**G. L. FOX, Appellant,**

v.

**A. B. NAIL, Appellee.**

No. 5235.

Court of Civil Appeals of Texas.

El Paso.

Oct. 2, 1956.

Walker F. Means, Pecos, Joe B. Mc-Namara, Midland, for appellant.

Hill D. Hudson, Pecos, for appellee.

## PER CURIAM.

This is an appeal from a judgment of the District Court of Reeves County, Texas, made and entered on the 19th day of September, 1956, in an election contest suit filed in said court by G. L. Fox as contestant against A. B. Nail as contestee, in which the contestant contested the result of the Democratic primary run-off election held in Reeves County on August 24, 1956, for the office of Sheriff of Reeves County.

At the hearing before the trial court the court held invalid thirteen ballots that had been cast for the contestee, A. B. Nail, and seventeen ballots that had been cast for contestant, G. L. Fox, and after taking into consideration said invalid ballots the court found that the contestee, A. B. Nail, had a majority of 32 votes in said primary election. The court further denied contestant's motion that the court declare all votes cast by ballot for which there were no corresponding signed stubs, illegal, also the court denied contestant's motion for a recount in Precincts 1, 7 and 3 because of the absence of signed stubs for certain specified votes, and from the court's judgment denying the relief sought by contestant and ordering contestee certified as the nominee of the Democratic party primary, contestant appeals.

Appellant's first point complains of the court's action in overruling his motion for a recount in voting Precinct No. 3. In his brief contestant-appellant alleges and describes alleged irregularities in the manner of counting the ballots cast in that precinct. He does not allege fraud on the part of any of the officials conducting the election in that precinct, but bases his contest on what he describes as irregularities and illegalities. It must be noted that one of the persons about whom he complains the most as having been guilty of some irregularities in the manner of counting and calling out the votes testified that he had voted for the contestant himself and had contributed a check for $15 to his campaign fund. This fact was not contradicted. Examination of the individual ballots verified his sworn testimony as to how he voted.

We have carefully examined contestant's allegations regarding the manner of tallying or counting the votes and his evidence relative thereto, and we do not find that the trial judge abused his discretion in overruling contestant's motion for a recount in Precinct 3. On the basis of the record we find that the trial judge was well within his rights and authority in overruling contestant's motion, as there is no evidence indicating that the ends of justice would be served by such a recount. There was no allegation of fraud, and no proof that the result would be different if such a recount was ordered. Therefore we overrule contestant's first point.

Appellant's second point complains of the trial court's action in overruling his motion to declare all votes cast by ballots for which there were no corresponding signed stubs, illegal; his third point alleged error in the court's overruling his motion for a recount of the votes in Precincts 1, 7 and 3 because of the absence of signed stubs; his fourth point accuses the trial court of error in holding to be legal the votes of certain persons for whom no signed stubs were found in the respective stub boxes in the respective voting precincts.

■ Again there is no allegation of fraud made by the contestant, nor is there any evidence that any of the votes cast where there is no signed stub that such vote was otherwise illegally cast or voted by the wrong person, in fact the evidence goes no farther than to establish that there were a number of unsigned stubs discovered in the stub boxes. In the absence of fraud or evidence to effect that these votes were otherwise wrongfully or illegally cast, we believe that the trial judge did not abuse his discretion by overruling said motions, and in holding legal the votes of certain specified persons for whom no signed stubs were found in the respective stub boxes of the respective voting precincts. It has long been held that the trial court is vested with wide discretion in passing upon election contests, and that it is the duty of the courts, in the absence of any fraud, to protect the secrecy of the ballot in the interest of sound public policy. In Fugate v. Johnston, Tex.Civ.App., 251 S.W.2d 792, 794, the court said:

"Nor are the votes invalid in the instance of those persons who did not sign their names to the stubs attached to the official ballots."

■ The courts have been consistently careful in applying election laws not to disfranchise any vote or voter unless there is sufficient evidence of probative force to form a legal inference of fraud or illegality in counting the ballots.

■ The burden is always upon contestant, and it is more than that of alleging irregularity. McIver v. Starkey, Tex.Civ. App., 271 S.W.2d 314; Fugate v. Johnston, supra.

With further reference to appellant's fourth point it must be noted that even though the trial court had held with him and declared illegal the votes of all persons named therein, and if it had further found that all of those named voters had voted for contestee, being 19 in number, such action would still not have changed the ultimate result of the election. These three points are accordingly overruled.

Appellant's fifth and sixth points are too general in nature to merit consideration by this court, and do not present, in any event, any new or additional facts, and are therefore overruled.

All of appellant's points are overruled and the decision of the trial court affirmed.

Because it is necessary for the official ballots for the forthcoming general election to be printed and made available to absentee voters in the immediate future, the above order of this court affirming the judgment of the trial court will become final when entered, as it will not be possible for us to entertain or consider a motion, and the mandate will be issued.