KINCANNON et al. v. MILLS et al. *
(No. 244.)

(Court of Civil Appeals of Texas. Waco.
June 25, 1925. Rehearing Denied
Oct. 8, 1925.)

1. Schools and school districts ⊜107—Suit to enjoin collection of tax held in effect election contest.

Suit to enjoin collection of special tax for irregularities under Rev. St. arts. 2991–2994, 2996, 3005, 3011, in conduct of election at which such tax was voted, *held* in effect an election contest, of which court had no jurisdiction for want of notice required by sections 3051–3054, 3077, 3078.

2. Elections ⊜269—Election contest may be for purpose of having election declared invalid or for purpose of changing declared result.

Election contest may be for purpose of having election declared void or invalid, or for purpose of having result declared differently.

3. Schools and school districts ⊜103(2) — Statutes prescribing manner of holding school tax election merely directory.

Statutes prescribing manner of holding school tax elections are merely directory, and departure therefrom will not ordinarily invalidate election unless it affects or changes result.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by Joel Kincannon and others against Arthur Mills and others. From a judgment of dismissal, plaintiffs appeal. Affirmed.

Spell, Naman & Penland, of Waco, for appellants.

S. E. Stratton, of Waco, for appellees.

Statement.

STANFORD, J. Joel Kincannon and three other citizens and residents of Independent School District No. 8 of McLennan county, Tex., brought this suit September 29, 1924, against Arthur Mills, tax collector of McLennan county and also of Independent School District No. 8 of said county, also F. M. Miller, tax assessor of both said county and independent school district, also the school board of said district, to enjoin said parties from levying and collecting a special tax which had been voted at an election held in said district on April 28, 1924, alleging said special election was void because of various irregularities in holding same and making return of, and declaring the result of said election, as provided in articles 2991, 2992, 2993, 2994, 2996, 3005, and 3011 of the Revised Statutes. A temporary injunction was granted on the filing of appellants' petition. Ap-

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction November 25, 1925.

pellees, on October 11, 1924, filed their answer, and among other matters set up as a defense, not necessary to be stated here, interposed a general demurrer, also a special exception to the effect that appellant's petition shows appellants' suit to be an election contest, and, failing to show any notice of said contest of said election was served upon appellees, as required by statute, said pleading failed to show any jurisdiction, etc., and a further special exception to the effect that appellants' petition failed to charge any irregularities that affected the result of said election, failed to charge that any illegal votes were cast, and failed to charge that any one entitled to vote was denied the privilege, and failed to charge any fraud or wrong was perpetrated, etc. On October 24, 1924, on motion of appellees, the court dissolved said temporary injunction, and on same date, said cause came on for trial on its merits, and the court sustained appellees' general demurrer and all their special exceptions to appellants' pleading, and, appellants refusing to amend, said cause was dismissed.

### Opinion.

[1, 2] We think that appellants' suit was, in effect, an election contest. Appellants sought and obtained, on filing their suit, a temporary injunction, and prayed that on final hearing said injunction be made permanent, permanently restraining appellees from levying and collecting the special tax which had been voted, but as a basis for the relief sought they alleged, in substance, said election was invalid by reason of various alleged irregularities and failures to comply with our statutes governing such elections. An election contest may be for the purpose of having an election declared void or invalid, or for the purpose of having the result declared differently from what it has been declared by the proper authorities. Clary et al. v. Hurst, 104 Tex. 423, 138 S. W. 566; State v. Ross, 161 Mo. App. 671, 143 S. W. 510; Oxford v. Frank, 30 Tex. Civ. App. 343, 70 S. W. 426. In the first case above cited, our Supreme Court, in discussing an election contest, said:

"And by 'contest' here is meant, we think, a suit in which the validity of the election, or the correct ascertainment of the result thereof, is the subject-matter of litigation in a court having jurisdiction to hear and determine such issue."

This being an election contest, brought some six months after the election was held, and no notice of the contest having been served on appellees, nor any one else, as required by our statutes, the court had no jurisdiction to hear and determine same. Articles 3051, 3052, 3053, 3054, also 3077 and 3078, Revised Statutes; Garitty v. Halbert (Tex.

Civ. App.) 235 S. W. 231; Barker et al. v. Wilson (Tex. Civ. App.) 205 S. W. 543.

[3] Our statutes regulating the manner of holding a school tax election are merely directory, and a departure from their provisions will not ordinarily invalidate an election, unless such departure or such irregularity has affected or changed the result of the election. Hill et al. v. Smithville, etc. (Tex. Com. App.) 251 S. W. 209; Wilmarth v. Reagan (Tex. Civ. App.) 231 S. W. 445.

We think the trial court was correct in sustaining appellees' general demurrer and special exceptions. Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.