**TATE et al. v. FARMER, Co. Atty., et al.**

No. 13655.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 21, 1938.

John Lee Smith, of Throckmorton, for appellants.

E. G. Thornton, of Olney, for appellees.

DUNKLIN, Chief Justice.

An election was held to determine whether or not Boggy Valley school district No. 32 should be consolidated with Profit school district No. 46; both of which are located in Young county. The election returns showed on their face that a majority of votes cast were in favor of the consolidation, and the commissioners' court of the county passed an order declaring the result of the election and decreeing the consolidation sought, all in accordance with the provisions of articles 2806, 2806a, Vernon's Tex.Civ.Statutes.

This suit was instituted by L. L. Tate and W. D. Riggins, as trustees of the Boggy Valley school district, joined by E. D. Riggins and Willis Riggins, taxpaying voters in that district, to contest that election and the action of the court in consolidating the two districts in decreeing the consolidation.

The plaintiffs have appealed.

The case was tried before the court on an agreed statement of facts, reading:

"It. is agreed by and through all the parties to this suit that an election was duly and legally ordered to be held on October 1, 1936, in Boggy Valley School District No. 32, in Young County, Texas, to determine whether or not such district should be consolidated with Profit School District No. 46, Young County, Texas. That such election was held on that date and J. B. Hulse was the presiding judge of such election in the Boggy Valley School District; that at the time of holding such election the ballots issued to the voters and used in such election were not numbered in any way by the presiding judge or any of his assistants.

"That after the votes were all in, the judge of such election on its tabulation, showed 28 votes for the consolidation and 24 votes against the consolidation; the votes were thereupon returned to the Commissioners Court and in the canvass of the election the Commissioner's Court found that 28 voters voted for consolidation of the two above districts, while twenty-four voters voted against such consolidation, and thereupon proper orders were entered consolidating said two school districts by the Commissioners Court.

"It is agreed between all parties that the above statement of facts raises every issue to be contained in this case, and constitutes a complete statement of facts herein, and the introduction of evidence is waived by both parties.

"It is further agreed as part of such statement of facts in this case that L. L. Tate and W. D. Riggins were trustees of Boggy Valley School District No. 32, at the time of said election, and are still such trustees, unless their office has been abolished as a result of such election."

█ Failure to number the ballots was one of the grounds upon which the contest was based. In support of that ground, appellants cite article 3012 and article 3018 of the Statutes pertaining to general elections, the first of which specifically requires the numbering of ballots by the election judges before being placed in the ballot box, and the latter forbidding the counting of ballots not so numbered. Also article 6, § 4, of the Constitution, which reads: "In all elections by the people the vote shall be by ballot and the Legislature shall provide for the numbering of tickets and make such other regulations as may be necessary to detect and punish fraud and preserve the purity of the ballot box."

State ex rel. Barry v. Connor, 86 Tex. 133, 23 S.W. 1103, was a contest of election by two opposing candidates for office in the city of Dallas. Our Supreme Court held that the two statutes noted above as 3012 and 3018 were controlling, and, by reason of which, ballots that were not numbered, as therein required, could not be counted.

Of like effect were several other decisions cited by appellants, such as Johnson v. Peters, Tex.Civ.App., 260 S.W. 911; Kartes v. Fritter, Tex.Civ.App., 63 S.W. 2d 389, 390; Arnold v. Anderson, 41 Tex. Civ.App. 508, 93 S.W. 692; Gray v. State, 92 Tex. 396, 49 S.W. 217, 219; McFarlane v. Westley, Tex.Civ.App., 186 S.W. 261; and Brigance et al. v. Horlock, 44 Tex. Civ.App. 277, 97 S.W. 1060. However, those cases did not involve special elections, as does the case now before us.

Wallis v. Williams, 101 Tex. 395, 108 S.W. 153, involved a contest of election held to remove the county seat of Chambers county. One of the grounds of the contest was the use of illegal ballots, and the Court of Civil Appeals certified this question to the Supreme Court:

"(1) Does the act of the Twenty-Ninth Legislature regulating the manner of holding elections and prescribing the kind of ballots to be used in elections held in this

784

state (chapter 11, Acts 1st Called Sess., 29th Leg. [Laws 1905, p. 520]) apply to elections held to determine the location of a county seat? * * *

"The determination of the first question depends upon the proper construction of the proviso contained in section 194 of the Terrell election law of 1905. That section is as follows: 'This act is cumulative as to elections and penalties for violating the election laws of this state; except that it shall repeal the election act approved by the Governor April 1, 1903: Provided, that this act shall not interfere with or repeal any local option or special laws of this state, except as herein specially provided and set forth.'"

The Supreme Court answered the question in the negative, holding that the words "special laws of this state" meant "'laws specially provided for,' or 'laws providing for special elections.'" Appellants argue that the proviso has been omitted from our Revised Statutes of 1925, and therefore repealed, and therefore that decision, and later decisions citing it, are not applicable here.

However, in the later case of Hewitt v. Mays, Tex.Civ.App., 253 S.W. 610, 614, writ dismissed, this is said, with reference to the holding in Wallis v. Williams, supra: "If the election for the removal of a county seat is only a special election, then we are unable to escape the conclusion that an election held in a road district for the purpose of determining whether bonds theretofore voted should be canceled is nothing more than a special election, and that it is immaterial whether the ballots cast at such election were numbered or not."

Of like effect was the decision in Scherz v. Telfer, Tex.Civ.App., 74 S.W.2d 327. Also the case of Williams v. Hammond, Tex.Civ.App., 278 S.W. 304, in which it was held that failure of election judges to sign the ballots did not invalidate the election. In Kincannon v. Mills, Tex.Civ. App., 275 S.W. 1083, 1084, writ dismissed, this is said: "Our statutes regulating the manner of holding a school tax election are merely directory, and a departure from their provisions will not ordinarily invalidate an election, unless such departure or such irregularity has affected or changed the result of the election."

Of like effect is Hill v. Smithville Independent School District, Tex.Com.App.,

251 S.W. 209. Also Scurlock v. Wingate, Tex.Civ.App., 283 S.W. 307.

Furthermore, in Wallis v. Williams, noted above, Chief Justice Gaines said: "We think the Legislature did not intend to make the Terrell election law applicable to special elections. There has never been, so far as we are aware of, any complaint in reference to the operation of laws affecting such elections. The evil was in the laws affecting the general election, and it was the purpose to remedy them only."

Since, by article 2748 of our Statutes, the trustees of a common school district are made a body politic and corporate, with power to sue and be sued, the two trustees who constituted a majority of the board had authority to institute the suit, even though it should be said that others who joined with them as taxpayers and citizens did not have the right to contest the election for lack of justiciable interest therein, separate from the interest of the public; nor was there any plea of misjoinder of them in the contest. Accordingly, we overrule appellees' challenge of jurisdiction of the court to entertain the contest for lack of right in plaintiffs to file the contest.

The judgment is affirmed.