Weldon BAKER, Appellant,

v.

SCRANTON INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 3230.

Court of Civil Appeals of Texas.

Eastland.

Feb. 17, 1956.

W. B. Wright, Cisco, for appellant.

Frank Sparks, Eastland, for appellee.

COLLINGS, Justice.

This is a contest of an election held on September 2, 1955, by the Scranton Independent School District, located in Eastland and Callahan Counties, Texas, to determine whether the Board of Trustees of the school district should be empowered to levy and collect annual maintenance tax and whether building bonds in the sum of $28,000 should be issued. The bonds were approved by a vote of 51 for and 26 against, and the maintenance tax was approved by a vote of 55 to 24. The contest was brought by appellant Weldon Baker. He alleged irregularities in posting notices of the election, illegal votes cast and noncompliance with statutes in the conduct of the election.

The case was tried before the court without a jury and judgment rendered establishing the validity of the election and of the bonds. Weldon Baker has appealed.

Appellant first contends that it is established by uncontroverted evidence that the notices of election were not posted as required by law and that the court therefore erred in rendering judgment sustaining the validity of the election. We cannot agree with this contention. Article 2785, Vernon's Annotated Civil Statutes, provides that elections within school districts for the issuance of bonds must be publicized by posting "notices thereof in three (3) places in the district for ten (10) days prior thereto * * *." These notices were posted within the district for the length of time provided by the statute. One notice was posted on a telephone pole on the right-of-way of a farm to market road at the Eastland-Callahan County Line. Another was posted on the school house door at Scranton where the district maintains its school. The school year began during the posting period. A third notice was posted on a telegraph pole at the intersection of the Scranton-Nimrod-Cisco Highway. The evidence indicates that these notices were posted in conspicuous places where notices of election in the community were usually posted, and in the best places available for publicizing an election. Such posting of the election notices was in compliance with the statute. Appellant's first point is overruled.

Appellant contends that the court erred in failing to hold the election void because of irregularities and omissions on the part of the election officials. It is pointed out that the election officials did not have a certified list of the property owners as required by Article 5.04, Vernon's Annotated Civil Statutes, Election Code; that the voters were not required to furnish their poll tax receipts as required by Article 8.07 of the code; that although stub and ballot boxes were used they were not sealed as required by Article 8.15 and, although the ballot boxes were locked as required by Article 8.19, the key was left hanging on the box.

Appellant also contends that the election should be held void because of the participation of unqualified voters.

■ Although the evidence shows the existence of irregularities in holding the election and that illegal votes were cast, appellant's contention that the election was void is not well taken. The irregularities and omissions complained of involved statutory provisions which are directory. The failure to comply with such provisions does not invalidate an election unless there is fraud or serious misconduct, and the irregularities changed or contributed to changing the result of the election. Hill v. Smithville Independent School Dist., Tex. Com.App., 251 S.W. 209; Kincannon v. Mills, Tex.Civ.App., 275 S.W. 1083 (Writ Ref.); Lightner v. McCord, Tex.Civ.App., 151 S.W.2d 362; Tate v. Farmer, Tex.Civ. App., 112 S.W.2d 782. There is no evidence of fraud or misconduct or that the irregularities complained of affected the result of the election. On the contrary the evidence indicates that the results would have been the same regardless of the irregularities and omissions.

■ Appellant questions the qualifications of only eleven persons who voted at the election. The evidence shows that seven of these voted for the tax and the bond issue and four voted against the propositions. These illegal votes did not change the result of the election and did not affect its validity. Fugate v. Johnston, Tex.Civ. App., 251 S.W.2d 792.

■ Even if the posting of the notices had not been in compliance with the statute the election would not have been void under the facts of this case. It is shown that only six qualified voters failed to vote because of lack of knowledge of the election. Four of these testified that they would have voted against the tax and bonds and the other two stated that they were for the tax and bond issue. Their votes would not have changed the result of the election and the irregularity in posting, if it had existed, would not have rendered the election void. Sykes v. Pandora Independent School Dist., Tex.Civ.App., 14 S.W.2d

124 (Writ Ref.); Waters v. Gunn, Tex. Civ.App., 218 S.W.2d 235; Stafford v. Stegle, Tex.Civ.App., 271 S.W.2d 833. The fact that some qualified voters knew of the election and did not vote does not affect its validity. Anderson v. Crow, Tex.Civ. App., 260 S.W.2d 227.

When all illegal votes are withdrawn from the announced result of the election and not counted and all qualified voters who were against the bond issue but failed to vote because of lack of knowledge of the election are added there is no change in the declared result of the election. A majority of the qualified voters in the district who voted or would have voted if the claimed irregularities had not existed were in favor of the propositions submitted. It appears that the election was fairly held and the result correctly declared. The court did not err in refusing to hold the election void. The judgment of the trial court is affirmed.