Leland F. THOMPSON et al., Appellants,

v.

W. Ford BARNES et al., Appellees.

No. 4024.

Court of Civil Appeals of Texas.

Eastland.

Jan. 21, 1966.

Rehearing Denied Feb. 18, 1966.

Yates & Yates, Jack M. Yates, Hooper & Perry, Abilene, for appellants.

Woodward & Johnson, Halbert Woodward, Coleman, for appellees.

PER CURIAM.

This is an election contest case. Leland F. Thompson and other residents of the City of Santa Anna, all owners of property duly rendered for taxation in the city and qualified voters in a bond election therein, brought this suit against W. Ford Barnes, Mayor of the City and the City Aldermen, contesting an election held on February 26, 1965. The purpose of the election was to determine whether the City should issue bonds in the sum of $64,000.00 for water system purposes and $200,000.00 for sewer system purposes. The election was favorable for the issuance of the water system bonds by a majority of six votes and for the sewer system bonds by a majority of nine votes. Contestants alleged numerous irregularities and illegalities in the holding of the election which they assert were sufficient to vitiate the election or to change the result thereof. Contestants also sought to have the ballot boxes opened for a recount of the ballots. The trial was before the court without a jury and the court after hearing the evidence threw out three

votes, held that the election was in all other material ways legal and valid, that there was no fraud in the manner in which the election was conducted, refused to allow the ballot boxes to be opened, and found that both propositions had lawfully carried. Contestants have appealed.

In numerous points appellants contend that the record shows misconduct and irregularities in the election which would render it invalid, or at least, justify a recount. The misconduct and irregularities complained of by appellants include assertions that the election Judge Joe B. Baker did not properly sign his name to the back of all ballots as provided by Article 8.11 of the Election Code, V.A.T.S.; that Mr. B. B. Parker was appointed as a watcher although he was disqualified to so act under Article 3.04 of the Election Code and that Mr. Parker and Mayor, W. Ford Barnes, were guilty of misconduct in the rooms where the ballots were counted and in connection with the holding of the election; that the ballot boxes were not locked or sealed during the course of the balloting in violation of Article 8.02 of the Election Code; that following the close of the election the ballot boxes and the stub boxes containing the stubs were not locked and sealed, and that the ballots, after being counted at the election, were placed in ballot boxes numbers 1 and 2 instead of ballot box number 3 as required by Article 8.19 of the Election Code; and that the election officials were not sworn in as required by Article 8.01 of the Election Code.

The general rule is that statutes regulating the manner of holding an election "are merely directory, and a departure from their provisions will not, ordinarily, invalidate an election, unless such departure or such irregularity have affected or changed the result of the election." Hill v. Smithville Independent School District, (Tex.Com.App.), 251 S.W. 209, (opinion adopted); Sykes v. Pandora Independent School District, Tex.Civ.App., 14 S.W.2d 124, (writ ref.); Kincannon v. Mills, Tex. Civ.App., 275 S.W. 1083, (writ ref.); Lightner v. McCord, Tex.Civ.App., 151 S.W.2d 362; Tate v. Farmer, Tex.Civ.App., 112 S.W.2d 782; Baker v. Scranton Independent School District, Tex.Civ.App., 287 S.W.2d 210; Minthorn v. Hale, Tex. Civ.App., 372 S.W.2d 752; Sawyer v. Board of Regents of Claredon Junior College, Tex.Civ.App., 393 S.W.2d 391; Mullins v. Powell, Tex.Civ.App., 273 S.W.2d 633. In our opinion the irregularities and omissions complained of involve statutory provisions which are directory. Article 8.21 of the Code provides that: " * * * the mere failure of the presiding Judge to sign the ballot shall not make any such ballot illegal." It is not shown that any of the irregularities complained of affected or changed the result of the election. The court correctly refused to hold the election void or to order a recount of the ballots.

The court at appellants' request made and filed findings of fact and conclusions of law. Among the findings of fact were, in substance, the following:

## I.

That the election judge, Joe B. Baker properly affixed his name, in his own handwriting, to the back of all the ballots used by the voters in such election, with the exception of twelve or eighteen of such ballots; that such twelve to eighteen of said ballots had the name of the election judge, Joe B. Baker, affixed thereto by Lee Hunter and Arthur Hunter, duly appointed election officials, which signature was affixed under the direction of said election judge.

## II.

That the voters voting in the election affixed their signatures to the backs of the ballot stub of their respective ballots, which was done at the time each respective voter voted at such election, and the voters who voted by absentee also properly affixed their signatures to the stubs of their absentee ballots.

### III.

That the election officials, appointed by the City Council of the City of Santa Anna, Texas, counted and properly tallied each vote that was cast at said election and there were no ballots not counted that were properly cast at said election.

### V.

That B. B. Parker voted at said election, but did not have a poll tax qualifying him to vote at same and that he voted "for" each of the propositions.

### XI.

That no qualified voter was denied the right to vote at said election.

### XII.

That the only persons who knew of the status of the count of the votes prior to the close of the election were the duly constituted and appointed election officials of said election and Mr. W. Ford Barnes, Mayor of the City of Santa Anna, Texas, and Mr. B. B. Parker, and that said parties did not transmit such information to any other person in any manner or fashion, nor was such information used to influence any voter or prospective voter in any manner.

### XIII.

That the said W. Ford Barnes and B. B. Parker were in the polling place and in the room where the ballots were being tallied and counted, but that said ballots were officially counted and tallied only by the duly appointed officials of said election and by no other persons.

### XIV.

That the ballot boxes, used in said election were not locked, but the stub box was sealed.

### XV.

That no person was refused the right by the City of Santa Anna or any of its officials to render either personal or real property before or on the actual day of the election.

### XVI.

That the stub box was duly sealed during and after said election, and was empty prior to said election, and that said stub box and the election boxes were, after the election, put in the safe at the City Hall of the City of Santa Anna, Texas, and taken therefrom to the sheriff's office in Coleman County, Texas, the next day after said election, and no alterations or changes were made on any of said ballots by anyone other than the voter who cast each respective ballot.

### XVIII.

That no one was allowed to vote at said election whose name did not appear on the qualified voters list furnished to the election officials other than one Pete Trindad who voted "against" both of said propositions and he had not at such time rendered his property for taxation to the City of Santa Anna, Texas.

### XIX.

That each official of the election was sworn with the proper oath before the commencement of said election.

### XX.

That prior to the opening of the polls on the election day, each ballot box and stub box was examined by the election officials and found to be empty.

### XXI.

That no person voted at such election because of any information or knowledge received on election day as to the status of the count of the ballots cast, nor did any person vote "for" or "against" the propositions at said election because of the conduct of the said W. Ford Barnes and B. B. Parker at the election poll, in the room where the ballots were counted, or any

other conduct by said persons in connection with the holding of said election and the counting of the votes thereat.

## XXII.

That no votes were counted either "for" or "against" the proposition at said election that were not properly cast by the qualified voters of said election, except the vote of the said B. B. Parker, the vote of the said Olena Latimer and the vote of the said Pete Trindad.

The conclusions of law were in substance as follows:

That by subtracting from the totals of the vote "for" as shown by the official canvass of said election, the votes of B. B. Parker and Olena Latimer and by subtracting from the total of the votes cast "against" the propositions the vote of Pete Trindad, that both propositions carried by a majority of the properly cast votes at such election.

That the votes cast at such election, with the three exceptions noted, were cast in the proper manner by duly qualified voters, and that no vote was cast because of or influenced by fraud or improper conduct of any person.

That there was no fraud or misconduct in the holding of said election nor in the casting or tallying of the ballots therein, and that said election was conducted in a fair manner.

That in the absence of the showing of any fraud or misconduct in the election, and in order to protect secrecy of the ballot, no order should be issued ordering the opening of the ballot boxes and the recounting of the votes cast.

That said election was valid and legally effective and the canvass of the results was correct in declaring that both propositions were affirmatively passed and voted "for" by a majority of the voters at said election.

■ Appellants attack both the findings of fact and the conclusions of law. The statement of facts comprises more than 300 pages and it would unduly lengthen this opinion to attempt to set out in detail the evidence material to such findings and conclusions, but after a careful examination of the evidence we are of the opinion appellants' complaints concerning such findings and conclusions are not well taken. We overrule appellants' points contending that the findings of fact are without support in the evidence and are contrary to the great weight and preponderance of the evidence, and overrule appellants' points complaining of the court's conclusions of law.

Appellants also urge points contending that the court erred in refusing to order the opening of the ballot boxes and to examine the ballots therein, including the ballots which had not been counted as being mutilated; erred in concluding that there was no fraud in the holding of the election and that the election was held in a fair manner; that the conclusion of the court that there was no fraud or misconduct in holding the election and that the election was conducted in a fair manner has no support in the evidence and is against the great weight and preponderance of the evidence. These points are overruled.

■ A District Judge has wide discretion in determining whether the ends of justice require the reopening of a ballot box, and upon appeal the trial court's decision will not be disturbed unless a material abuse of discretion is clearly shown.

■ We cannot agree with appellants' contention that the Court erred in concluding that there was no fraud in holding the election, and that such conclusion is not supported by any evidence and is against the great weight and preponderance of the evidence. The fact that some directory provisions of the Election Code were not followed by the election officials does not, of itself, show fraud. There was no show-

ing that any of the claimed irregularities affected or changed the result of the election. There was no showing that anyone who was a qualified voter was denied the right to vote. The only voters who were shown to be disqualified were found by the court to be disqualified and their votes were subtracted from the totals as shown by the official canvass of the election. The evidence does show that at times unauthorized persons, that is, Mr. Parker, who was not a qualified voter and the Mayor were in the room where the votes were being counted, but the evidence supports the findings of the court that each vote cast was properly tallied and counted; that no vote was counted but once and that the ballots were officially counted and tallied only by duly appointed officials of the election and by no other persons. The evidence further shows that the Mayor and Parker had knowledge of the status of the count during the day, but there was also ample evidence to the effect that no one who voted in the election was influenced for or against the questions to be determined by those who had knowledge of the status of the count during the day. The evidence shows that about 10 of the ballots were determined by the election judge Mr. Baker to be unintelligible and mutilated and were not counted, but the evidence also shows that judgment of Mr. Baker alone was used in interpreting and determining the status of such mutilated or questioned ballots. There was evidence to the effect that after such ballots were determined by Mr. Baker to be mutilated that he showed them to the Mayor and that the Mayor agreed with Mr. Baker's judgment and determination that the ballots were unintelligible and mutilated. The evidence also shows that the votes were correctly counted and interpreted and that such functions were performed by the election officials. Contrary to appellants' contention, the evidence supports the findings of fact filed by the trial court and such findings are not against the great weight and preponderance of the evidence. The conclusions of law filed by

the trial court are, in our opinion, proper and correct, and have ample support in the evidence. The court did not abuse its discretion in refusing to order the opening of the ballot boxes to examine the ballots therein, including those which were not counted because mutilated. McIver v. Starkey, Tex.Civ.App., 271 S.W.2d 314.

Appellants have presented a total of 44 points. We have considered all of these points and find no reversible error.

The judgment is affirmed.