Robert FRIAS, Appellant,

v.

BOARD OF TRUSTEES OF ECTOR COUNTY INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 6900.

Court of Civil Appeals of Texas, El Paso.

July 25, 1979.

Rehearing Denied Aug. 15, 1979.

Gloria T. Svanas, Odessa, for appellant.

McMahon, Cox, Tidwell, Locke & Bangert, P. C., Robert B. Cox, Jack Q. Tidwell, Mike D. Atkins, County Atty., Odessa, for appellees.

## OPINION

PER CURIAM.

This is a contest of a school bond election in which a majority of the votes cast were in favor of authorizing the Ector County Independent School District to issue 21.6 million dollars in bonds. The funds raised by the issuance of the bonds were to be used primarily for extensive renovating and refurbishing of existing buildings, the construction of two new elementary schools and one new junior high and for a new athletic stadium. On the ballot, Proposition No. One called for $8,754,563.00 in bonds for additions and improvements at existing facilities, Proposition No. Two called for $9,293,193.00 in bonds for new school construction, and Proposition No. Three called for $3,500,000.00 in bonds for the new sports complex. The estimated cost of the issuance of the bonds was $53,000.00. Proposition No. One passed by more than 1,000 votes, No. Two by more than 750 votes, and No. Three by more than 400 votes, all out of a total of more than 17,000 votes.

This case began with 111 pro se Contestants. At a pretrial hearing, only 11 Con-

testants indicated they would present any affirmative evidence in the case and all others were dismissed. Only 1 of those 11, Robert Frias, has filed an appeal bond and he is the only party before the Court on this appeal, although Contestant's brief purports to be on behalf of 106 Contestants. Rules 354, 356, Tex.R.Civ.P.; *Davies v. Massey,* 561 S.W.2d 799 (Tex.1978); *Owen v. Brown,* 447 S.W.2d 883 (Tex.1969); *Warren v. Kyle,* 565 S.W.2d 313 (Tex.Civ.App.—Austin 1978, no writ); *Roth v. Maryland American General Insurance Company,* 454 S.W.2d 779 (Tex.Civ.App.—San Antonio 1970, writ ref'd).

The trial Court, after a lengthy trial, denied all relief sought by the Contestants, and upheld the bond election and the results thereof which favored the issuance of the bonds. The Court subsequently filed Findings of Fact and Conclusions of Law, and amended findings of fact and conclusions of law. The judgment recites:

The Court, having previously refused Contestants' request for trial by jury, and after presentation of the testimony, evidence and arguments has found that Contestants have failed to prove by a preponderance of the legal and competent evidence (1) a fraudulent election; (2) that there were any invalid votes cast in such election sufficient to change the results thereof; or (3) that a determination of the true will of a majority of the qualified voters in such election is impossible. Based on such findings the Court is of the opinion that judgment should be rendered in favor of Contestees.

Appellant's first point of error asserts the trial Court erred in not finding as a matter of law that the entire election process is a proper matter for inquiry in a bond election contest. This is basically an attack upon the Court's Conclusion of Law No. 1 which holds:

1. Misleading statements and misrepresentations of facts by Contestees and school district employees alleged to have occurred prior to the December 5, 1978 bond election did not constitute any proper grounds for an election contest, as only such matters as happened on the day of the election and pertain strictly to the election itself are within the Court's jurisdiction and may be inquired into or determined by the Court in an election contest.

Appellant relies primarily upon *Dickson v. Strickland,* 114 Tex. 176, 265 S.W. 1012 (1924), where the court said:

An election contest necessarily involves questions of both fact and law. It may be predicated upon a status or upon facts which existed before an election, upon what took place at the election, and perhaps in some instances upon a status or what took place after an election. The ineligibility of a candidate before an election whether arising from lack of age, or from personal misconduct, or other infirmities, the manner of giving notice of the election, appointing election officers, their qualification, the creation of election districts, the preparation of the polls or polling places, the manner in which the ballots may have been prepared, and various other things which of necessity precede an election, are all well known subjects of election contests.

Other courts have held that jurisdiction in election contests is limited to such matters as tend to show that the election was not properly ordered or fairly conducted, such as the failure to give notice of the time and place where the election is to be held or that illegal votes were cast thereat, or some other matter which would impeach the fairness of the result. *Trimmier v. Carlton,* 264 S.W. 253 (Tex.Civ.App.—Austin 1924), aff'd 116 Tex. 572, 296 S.W. 1070 (1927).

The more recent rule is that only matters that happen on the day of the election and pertain strictly to the election may be inquired into or determined by the court in an election contest. *Harrison v. Jay,* 280 S.W.2d 636 (Tex.Civ.App.—Eastland 1953), aff'd 153 Tex. 460, 271 S.W.2d 388 (1954). The most recent case to consider the issue is

*Stelzer v. Huddleston*, 526 S.W.2d 710 (Tex. Civ.App.—Tyler 1975, writ dism'd), where the court said:

Elections may be contested only on grounds expressly or impliedly authorized by the Election Code. 21 Tex.Jur.2d Elections, sec. 158, p. 413. Article 9.15 of the Texas Election Code authorizes the courts to declare an election void in those instances where it appears that it is impossible to ascertain the true result of an election and in instances where such a number of legal voters were, by the officers or the managers of the election, denied the privilege of voting so as to change the result of the election. In an election contest only such matters as happened on the day of the election and pertaining strictly to the election itself may be inquired into or determined by the courts. *Harrison v. Jay*, 153 Tex. 460, 271 S.W.2d 388 (1954); *Oser v. Cullen*, 435 S.W.2d 896 (Tex.Civ.App., Houston, 1968, dismissed). We fail to find any evidence showing that any of the school's trustees or any other official of the School District stated to the public that only a 'slight' increase of taxes would be necessary to support the bond issue. But even if such were the case, under the foregoing rules of law, such alleged misleading statements being made prior to the election could not be inquired into or considered by the court.

■ Recognizing the conflict in these cases, we feel compelled to follow the more recent authorities. As noted in an article by Josias Wheat entitled "The Statutory Election Contest," 21 Texas Bar Journal 629 (1958), "The great weight of authority of this state would appear to be * * * that the courts' jurisdiction is limited to matters happening on the day of the election and pertaining strictly to the election." Even if we should be wrong in this regard, the election was a correct and proper one for reasons hereafter discussed under the remaining points of error. Point of Error No. 1 is overruled.

■ The next point asserts the trial Court erred in finding that the misleading statements and material misrepresentations of fact by school trustees and school employees made it impossible to ascertain the true will of the majority of the voters. In this case, which was required to be tried to the Court as a statutory procedure, the trial Judge was necessarily the trier of facts and he determined the credibility of witnesses and the facts which were proven. His second and fourth Findings of Fact state:

2. No material misrepresentations of fact or misleading statements were made by Contestees or the employees of such school district prior to the December 5, 1978 school bond election.

. . . . .

4. There were no illegal or fraudulent votes cast in the December 5, 1978 school bond election.

The evidence supports those findings. Even if we consider matters which might have affected the election at times prior to election day, there is no proof that those matters were of such nature as to affect the result of the election. There is no proof of any fraud, and no voters testified that they were misled or believed what is now contended to be misrepresentations or that such affected their vote. In *Marks v. Jackson*, 130 S.W.2d 925 (Tex.Civ.App.—Galveston 1939, writ dism'd), the court considered a contest of a school bond election and said:

Two well-settled rules of law governing such controversies as the one at bar may be thus stated:

(1) ' * * * In a statutory election contest within the purview of cited chapter 9, title 50, article 3041 et seq., of our Revised Statutes, such as this one was, the scope of the court's inquiry is limited to matters pertaining strictly and directly to the election itself, together with happenings on the date thereof, such as the casting and counting of ballots voted therein, as well as the action and conduct of the officers holding it.' *Border v.*

*Abell,* Tex.Civ.App., 111 S.W.2d 1186, 1188, writ of error refused.

(2) In an election-contest, the burden is on the contestants to allege and prove either that a different result should have been reached by counting or not counting certain specified votes; or that the irregularities in the conduct of it were such as to render it impossible to determine the true will of the majority of the voters participating in the election; and irregularities in the conduct of the election, which cannot be demonstrated to have materially affected the result, are immaterial. *Hill v. Smithville, etc.,* (Tex.Com. App.), 251 S.W. 209; *Kincannon v. Mills,* (Tex.Civ.App.), 275 S.W. 1083, 1084; *McCormick v. Jester,* 53 Tex.Civ.App. 306, 115 S.W. 278; *State v. Etheridge* (Tex. Civ.App.), 20 S.W.2d 808; *State v. Fletcher* (Tex.Civ.App.), 50 S.W.2d 450; *Wilmarth v. Reagan* (Tex.Civ.App.) 231 S.W. 445.

Point of Error No. 2 is overruled.

■ The next point asserts the trial Court erred in not requiring the exclusion of all votes cast by disqualified voters as specified by the Texas Constitution. Article VI, section 1, of the Texas Constitution and Article 5.01 of the Texas Election Code does prohibit certain classes of people, such as idiots and lunatics, paupers and convicted felons from voting in an election. The argument under this point seems to be based upon a motion filed by Contestant, George Roeder, to declare the election void. In the first place, this Contestant did not appeal the Court's ruling on his motion, and he is not before this Court as an Appellant. The trial Court found that no illegal or fraudulent votes were cast in the bond election and the evidence supports that finding. The one Contestant who has appealed had the burden of proof to show that there were enough illegal votes cast to change the results of the election. There is no proof to meet that burden in this case. Merely alleging irregularities does not meet the burden of proof. *Fox v. Nail,* 294 S.W.2d

407 (Tex.Civ.App.—El Paso 1956, no writ). Point of Error No. 3 is overruled.

■ The next point asserts the trial Court erred in finding that corporate contributions in violation of Texas Statutes were permissible in the school bond election. Article 14.06 of the Texas Election Code makes it unlawful for corporations and labor organizations to make a contribution or expenditure for a political committee. In this case, there was a political committee, named United for Odessa, which received contributions from several corporations and used such money to promote passage of the bond issue.

Only last year, the United States Supreme Court in *First National Bank of Boston v. Bellotti,* 435 U.S. 765, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978), held a Massachusetts statute prohibiting corporate expenditures to influence referendum elections to be an unconstitutional abridgment of free speech under the First and Fourteenth Amendments. See "Corporations' Right to Free Speech in Referendum Elections: First National Bank v. Bellotti," 32 Sw.L.J. 1359 (1979).

On June 6, 1978, the Attorney General of Texas in Opinion No. H-1175, based largely upon the holding in Bellotti, said:

Insofar as article 14.06 Texas Election Code, prohibits corporations from making contributions and expenditures 'for the purpose of aiding or defeating the approval of any measures submitted to a vote of the people of this state or any subdivision thereof,' it is unconstitutional.

We conclude that that opinion is correct. Point of Error No. 4 is overruled.

■ The next point asserts the trial Court erred in denying Contestants' constitutional right of trial by jury. Both the Seventh Amendment to the United States Constitution and Article I, Section 15, of the Texas Constitution guarantee the right of a trial by jury. But those provisions were enacted to protect rights known at common law. This case does not involve a

common law right. *Johnson v. Stevenson*, 170 F.2d 108 (5th Cir. 1948, cert. denied 336 U.S. 904, 69 S.Ct. 491, 93 L.Ed. 1069). This contest is strictly a statutory right. The courts of this State have consistently held that in an election contest the contestants are not entitled to a trial by jury. *Boroughs v. Williamson*, 312 S.W.2d 717 (Tex. Civ.App.—El Paso 1958, writ dism'd); *Rouw v. Harrington*, 281 S.W.2d 746 (Tex. Civ.App.—San Antonio 1955, writ dism'd); 3 McDonald, Texas Civil Practice Section 11.02 (1970). Point of Error No. 5 is overruled.

■ The next contention is that the trial Court erred in dismissing the pro se Contestants at a hearing on a plea in abatement. None of those Contestants have filed an appeal bond, and they are not before this Court. The issue has not been preserved and the sixth point of error is overruled.

The seventh point contends the trial Court abused its discretion at the plea in abatement hearing. Again, the parties affected have not perfected an appeal and the point of error is overruled.

The last point of error asserts the trial Court erred in finding no irregularities occurred in the conduct of the bond election which rendered it impossible to determine the will of a majority of the voters. Giving the Contestants the benefit of the doubt and concluding that there may have been in some instances a failure to strictly follow the provisions of the Election Code, there is no evidence of any election fraud, no evidence that the voters were deceived, and certainly no evidence that there were a sufficient number of improper or illegal votes cast as would have changed the results of the election as to any one of the three propositions submitted to the voters. In *Little v. Alto Independent School District of Alto, Cherokee County, Texas*, 513 S.W.2d 886 (Tex.Civ.App.—Tyler 1974, writ dism'd), the court considered a contest in a school bond election. In commenting upon the contentions that there had been a failure to strictly follow the Election Code, the court said:

In general, the statutes regulating the manner of holding an election are directory and a departure from their provisions will not ordinarily invalidate an election, unless such departure affects or changes the results of the election. *Hill v. Smithville Independent School District*, 251 S.W. 209 (Tex.Com.App., 1923, opinion adopted); *Kincannon v. Mills*, 275 S.W. 1083 (Tex.Civ.App., Waco, 1925, writ ref'd); *Baker v. Scranton Independent School District*, 287 S.W.2d 210 (Tex.Civ. App., Eastland, 1956, n. w. h.); *Minthorn v. Hale*, 372 S.W.2d 752 (Tex.Civ.App., Beaumont, 1963, n. w. h.); *Sawyer v. Board of Regents of Claredon Junior College*, 393 S.W.2d 391 (Tex.Civ.App., Amarillo, 1965, n. w. h.). While it is true that statutory enactments concerning elections must be strictly enforced to prevent fraud, they must also be liberally construed in order to ascertain and effectuate the will of the voters. *Turner v. Teller*, 275 S.W. 115 (Tex.Civ.App., San Antonio, 1925, n. w. h.). Therefore this court cannot agree with appellants' contention that the trial court erred in concluding that there was no fraud in holding the election. There was no showing that any of the alleged irregularities affected or changed the results of the election. The mere fact that some directory provisions of the Election Code were not followed by the election officials would not by itself constitute fraud. *Thompson v. Barnes*, 399 S.W.2d 399 (Tex.Civ.App., Eastland, 1966, dism'd).

Point of Error No. 8 is overruled.

The judgment of the trial Court is affirmed.