WW MASONRY 




IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 03-90-270-CV





W. W. MASONRY, INC.,





 APPELLANTS,


vs.





W. BAILEY ELLIOTT, INC., HARTFORD CASUALTY INSURANCE COMPANY,


LAKE TRAVIS INDEPENDENT SCHOOL DISTRICT AND TRINITY COMPANY,



 APPELLEES,




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 441,929, HONORABLE PETE LOWRY, JUDGE PRESIDING 



 





 


 This is a suit involving a subcontractor's claim for retainage and for additional fees
allegedly due under a change order. After a bench trial, the trial court awarded the subcontractor
the retainage fees but denied any award for the change order and declined to award attorney's fees
to the contractor or the subcontractor. The trial court found that the general contractor's surety
was not liable for the judgment and that the subcontractor's surety was not entitled to subrogation. 
The subcontractor brings forward twenty-four points of error attacking the judgment. We will
affirm the judgment as modified. 



BACKGROUND


 W. W. Masonry, Inc. contracted with W. Bailey Elliott, Inc. ("Elliott") to provide
the masonry for construction of an elementary school. The contract documents included written
specifications and drawings. The specifications called for a band of ground-face masonry units
to be placed in a wall of split-face masonry units, as indicated in the drawings. The drawings
referred to a band of smooth-face masonry units in a wall of rough-face units. All parties agree
that the terms "split-face masonry units" and "rough-face masonry units" refer to the same blocks. 
The dispute arises over whether the term "smooth-face masonry units" indicated in the drawings
is equivalent to the term "ground-face masonry units" called for in the specifications.

 W. W. Masonry argues that in the masonry industry smooth-face masonry units
refer to generic cinder blocks as they are extruded from the mold, while ground-face units are
cinder blocks that have been subjected to an additional burnishing process that gives them a
smooth, decorative finish similar to terrazzo. The masonry subcontractor insists that the two terms
are never equivalent.

 The general contractor, Elliott, points out that only two types of blocks are called
for in this project; in the specifications they are referred to as split-face and ground-face units,
while on the drawings they are called rough-face and smooth-face units. The project architect and
other witnesses testified that when the two documents are read together, it is clear that smooth-face and ground-face masonry units are equivalent terms in this context, just as rough-face and
split-face masonry units are equivalent. 

 When W. W. Masonry was required to supply the more expensive ground-face
units for the decorative bands, it sought a change order from the architect that would have entitled
it to the difference in price between generic cinder blocks and the decorative ground-face blocks. 
The architect denied the change order, interpreting the contract documents to call for the ground-face units.

 More than a year after the architect denied the change order, in a suit initiated by
a masonry supplier against both contractors, W. W. Masonry asserted a cross-claim against Elliott
for its retainage and the additional fees under the change order. The masonry supplier's claim
was disposed of prior to trial and the cross-claim is the only issue on appeal.



DISCUSSION


Deemed Admissions.

 In its first point of error, W. W. Masonry claims to be entitled to the additional
fees for the change order on the basis of certain deemed admissions. In January 1990, some six
months before this trial, the court entered judgment in W. W. Masonry's favor on the basis of
admissions deemed against Elliott for its failure to respond timely to a request for admissions. 
Three days later the court granted Elliott's motion to reconsider evidentiary ruling, the February
1990 order that effectively granted a new trial. W. W. Masonry argues, however, that the
deemed admissions were never properly withdrawn and, therefore, it was error for the trial court
to deny its claims under the change order at the trial conducted in July 1990.

 We do not know the substance of the January 1990 order deeming certain
admissions against Elliott and granting judgment in W. W. Masonry's favor because the order was
never reduced to writing. Similarly, the February 1990 order granting Elliott's motion to
reconsider evidentiary ruling was never reduced to writing. 

 W. W. Masonry seems to argue that it is entitled to judgment based on the earlier
deemed admissions because: (1) the February 1990 order effectively granting a new trial was
conditioned on Elliott's payment of $750 in attorney's fees and those fees were never paid; and
(2) the order did not specifically withdraw the earlier deemed admissions. We reject both
arguments. 

 The transcript includes neither the initial judgment nor the order granting a
reconsideration of the earlier evidentiary ruling. Further, there is no statement of facts setting
forth the court's oral pronouncements on January 30 or February 2, 1990. We are unable to
determine the precise holding of either ruling, other than observing that the latter order operated
to grant a new trial which was conducted in July 1990. W. W. Masonry, as appellant, has the
burden to provide a record that supports its points of error. "The burden is on the appellant, or
other party seeking review, to see that a sufficient record is presented to show error requiring
reversal." Tex. R. App. P. Ann. 50(d) (Pamph. 1991). On this record, W. W. Masonry is not
entitled to judgment based on the earlier deemed admissions. We overrule point of error one.



Change Order.

 W. W. Masonry brings nine points of error alleging insufficient evidence to support
the trial court's ruling that W. W. Masonry was not entitled to a change order. In reviewing an
insufficient-evidence point, we must examine all evidence in the record, including any evidence
contrary to the judgment. Plas-Tex. Inc. v. U.S. Steel Corp., 772 S.W.2d 443, 445 (Tex. 1989);
Garza v. Alviar, 395 S.W.2d 821, 821 (Tex. 1965). We must determine whether the evidence
supporting the finding is so weak or the evidence to the contrary so overwhelming that the
challenged finding is clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951).

 The court found that during the bidding process W. W. Masonry noticed an
inconsistency in that the drawings called for smooth-face masonry units while the specifications
called for ground-face masonry units. The court found that the contract documents imposed a
duty on W. W. Masonry to seek written clarification of any inconsistency before submitting its
bid and that W. W. Masonry failed to seek this clarification. Based on these findings, the trial
court found that W. W. Masonry had waived any right to a change order based on this
inconsistency.

 W. W. Masonry's project estimator testified that although he found the use of the
term ground-face units in the specifications inconsistent with the smooth-face units indicated in
the drawings, he did not seek a clarification in writing before submitting his bid. The project
manual, which was part of the contract, contained the following instructions to bidders:



Each Bidder shall examine the Bidding Documents carefully and, not later than 
seven days before the date for receipt of Bids, shall make written request to the
Architect/Engineer for interpretation or correction of any ambiguity, inconsistency
or error therein which he may discover upon examination of the Bidding
Documents . . . .



 W. W. Masonry argues that this requirement was only binding on the general
contractor, but its contract with Elliott provided that:



Subcontractor has read and is thoroughly familiar with said Contract Documents
and agrees to be bound to Contractor by the terms of said Contract Documents
insofar as they relate in any part or in any way to the work undertaken herein, and
to assume towards contractor, in connection with the work covered by this
subcontract, all of the obligations and responsibilities which Contractor by those
documents assumes towards the Owner or anyone else.



This evidence is sufficient to support the court's findings that W. W. Masonry discovered an
ambiguity, breached its duty to seek a clarification, and thereby waived any claim for a change
order.

 The court also found that W. W. Masonry agreed to submit all disputed contract
terms to final interpretation by the project architect. There is sufficient evidence to support this
finding; the contract specifically provided that "[t]he work included in this contract shall be
performed under the direction of said Architect, and his decisions as to the true construction and
meaning of the drawings and specifications shall be final." The court properly found the
architect's decision regarding the change order reasonable and conclusive as there was no evidence
of fraud, misconduct, bad faith or failure to exercise an honest judgment. See City of San Antonio
v. McKenzie Constr. Co., 150 S.W.2d 989, 996 (Tex. 1941). 

 We find sufficient evidence in the record to support all of the challenged findings
of fact regarding the change order. The trial court's ruling is not contrary to the overwhelming
weight of the evidence. We overrule points of error three through five and seven through twelve. 


 In its sixth point of error, W. W. Masonry complains of the trial court's decision
to admit into evidence the architect's interpretation as part of the contract documents. In order
to reverse the court's judgment on the basis of erroneously admitted evidence, W. W. Masonry
must show that: (1) the court did in fact commit error, and (2) the error was reasonably
calculated to cause and probably did cause rendition of an improper judgment. Gee v. Liberty
Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989); Tex. R. App. P. Ann. 81(b) (Pamph.
1991). W. W. Masonry has done neither. Point of error six is overruled.



Testimony of Expert Witnesses.

 In points of error thirteen and fourteen, appellant complains that the court
improperly admitted the testimony of Scott Wilson and Louis Hood because they were not
qualified as experts. Whether these individuals qualified as expert witnesses was a discretionary
matter left to the trial judge. Guentzel v. Toyota Motor Corp., 768 S.W.2d 890, 897 (Tex. App.
1989, writ denied). Absent an abuse of discretion, a court's determination that a witness qualifies
to testify as an expert is one that will remain undisturbed on appeal. See Trailways, Inc. v. Clark,
794 S.W.2d 479, 483 (Tex. App. 1990, writ denied). The court properly determined that these
two witnesses had more understanding of the construction industry and the masonry industry than
a common lay person and thus were entitled to give opinion testimony. See Tex. R. Civ. Evid.
Ann. 702 (Pamph. 1991). We detect no error, much less reversible error, in the trial court's
actions. W. W. Masonry's thirteenth and fourteenth points are overruled. 

 In its second point of error, W. W. Masonry objects to testimony from Elliott's
counsel regarding his attorney's fees because counsel failed to list himself in response to an
interrogatory requesting the names of "people having facts about the case." We do not discern
the harm of which W. W. Masonry complains. The trial court's judgment does not award
attorney's fees to Elliott. Thus, any resulting harm from the alleged trial court error is not
reflected in the judgment from which W. W. Masonry appeals. We overrule this point.



Liability of Hartford. 

 In points of error eighteen and nineteen, W. W. Masonry complains of the
sufficiency of the evidence to support the court's ruling that Elliott's surety, Hartford Casualty
Insurance Company ("Hartford") incurred no liability for the judgment because W. W. Masonry
failed to comply with the notice provisions of Tex. Rev. Civ. Stat. Ann. art. 5160(B)(a) (1987 &
Supp. 1992). The version of article 5160(B)(a) in effect at the time required W. W. Masonry to
give notice "within ninety (90) days after the tenth day of the month next following each month
in which the labor was done or performed, in whole or in part, or material was delivered, in
whole or in part, for which such claim is made." Tex. Rev. Civ. Stat. Ann. art. 5160(B)(a)
(1987). There is evidence in the record that W. W. Masonry's last invoice for work on this
project was dated February 23, 1988; the ninetieth day following the tenth day of the next month
would have been June 9, 1988. The evidence shows that the company first gave notice of its
claim to Hartford on July 7, 1988. We find this evidence sufficient to support the trial court's
finding that W. W. Masonry's notice was not timely under the statute and overrule points of error
eighteen and nineteen.

 In its twentieth point of error, W. W. Masonry complains of the trial court's
decision to allow any testimony offered on behalf of Hartford due to that company's failure to
respond to submitted interrogatories. See Tex. R. Civ. P. Ann. 215(5) (Supp. 1991). Absent a
showing of good cause in the record, a trial court is prohibited from admitting the evidence of a
non-responsive party. Id. But we believe that error, if any, on the trial court's part was
harmless.

 At the commencement of the appellees' case, W. W. Masonry entered a running
objection to the introduction of testimony of any party on behalf of Hartford. Because Elliott and
Hartford were co-defendants represented by the same attorney, any testimony introduced on behalf
of Hartford could be offered partially on behalf of Elliott. We need not decide whether the
admitted testimony was introduced on behalf of Hartford or Elliott because the evidence that
absolved Hartford of liability was not a part of this testimony to which appellant objected. Rather,
the evidence that established that W. W. Masonry's claim was not timely filed was introduced by
W. W. Masonry's own counsel. The twentieth point of error is overruled.

 In its twenty-first point of error, W. W. Masonry assails the trial court's decision
to allow Hartford to amend its pleadings to deny that proper notice had been given. We reject this
attack. Rule 66 grants the court broad discretion to allow or deny a trial amendment. See Tex.
R. Civ. P. Ann. 66 (Supp. 1991). A trial court shall freely grant trial amendments in the absence
of surprise or prejudice. See Greenhalgh v. Service Lloyds Ins. Co., 787 S.W.2d 938, 939 (Tex.
1990). The record reveals that W. W. Masonry did not claim surprise; therefore we overrule this
point of error as well.



Security National Not a Party to this Appeal.

 Although this appeal is purportedly brought by W. W. Masonry and its surety,
Security National Insurance Company ("Security National"), we note that the certificate of cash
deposit in lieu of bond names only W. W. Masonry as the appellant. "Where there are several
appellants, appellate jurisdiction is acquired only as to those appellants who have timely filed an
appeal bond, or who timely amend a defective bond." Vanguard Equities, Inc. v. Sellers, 587
S.W.2d 521, 524 (Tex. Civ. App. 1979, no writ); see also Frias v. Board of Trustees of Ector
County, 584 S.W.2d 944, 949 (Tex. App., writ dism'd w.o.j.), cert. denied, 444 U.S. 996
(1979); Tex. R. App. P. Ann. 46 (Pamph. 1991). We therefore are unable to address points of
error twenty-three and twenty-four, complaining of the court's failure to grant Security National's
subrogation claims.



Attorney's Fees.

 In point of error twenty-two, W. W. Masonry complains of the trial court's refusal
to grant attorney's fees for a suit brought on a written contract. Tex. Civ. Prac. & Rem. Code
Ann. §§ 38.001-.002 (1986). We note that W. W. Masonry did not prevail on its claim for
$13,900 under the change order, and that the terms of the contract provided that, in the event of
a suit brought pursuant to the contract, Elliott was to recover attorney's fees from W. W.
Masonry.

 In the absence of findings of fact and conclusions of law, the trial court is presumed
to have made all the necessary findings to support the judgment. Lemons v. EMW Mfg. Co., 747
S.W.2d 372, 373 (Tex. 1988). If some evidence supports the judgment, it must stand, and only
that evidence in support must be considered. Id. Both W. W. Masonry and Elliott testified as
to their attorneys' fees. We presume that the trial court implicitly found that any fees due either
party were set off against each other, and hence awarded no fees to either party. W. W.
Masonry's twenty-second point is overruled.



Modification of the Judgment.

 In response to points of error fifteen through seventeen, Elliott confesses that W.
W. Masonry is entitled to a judgment for $21,440.52 rather than $14,790. We modify the
judgment to order that W. W. Masonry recover $21,440.52 from Elliott with interest as set forth
in the trial court's order and affirm the judgment as modified.



 Bea Ann Smith, Justice

[Before Justices Powers, Jones, B. A. Smith; 

    Justice Powers Not Participating]

Modified and, as Modified, Affirmed

Filed: February 12, 1992

[Do Not Publish]